The opinion of the Court was delivered by
Fenner, J.
Locke and Levy, creditors of decedent, oppose the final account filed by the widow, as administratrix of his succession, on two grounds, which will be separately considered.
I.
The administratrix claims, as surviving spouse and tutrix of the minor children of the deceased, left in necessitous 'circumstances, and credits herself with certain immovable property occupied as a homestead, and certain other property, the whole valued at about two *1014 thousand dollars, which she claims as exempt from liability for the debts of the deceased, under the provisions of Articles 219 and 220 of the Constitution of 1879.
The opponents object to this claim and credit, on various grounds, of which we find it necessary to notice but one, which is visceral and conclusive, viz : that the exemptions claimed had not been “ set apart and registered ” at the date when their debts were contracted, nor, indeed, at any time by B. P. Furniss during his life, hut were only so registered by the widow and tutrix after his death.
This objection is fatal to the claim of the widow and tutrix.
After much reflection and attentive consideration of the arguments advanced by their counsel, we fail to find any solidity in the contention supi>orted by them.
■ The Constitution is luce clarior on the subject, and when its provisions are quoted, their meaning is so plain that comment seems superfluous.
The Constitution, after defining the exemptions, says: “Such exemptions, to he valid, shall be set apart and registered, as shall he provided by law.”
Then, until set apart and registered, there is no valid exemption, which means, practically, no exemption at all. If there existed no valid exemption at the time when the debt was contracted, certainly the Constitution did not intend to leave it in the power of the debtor to create such an exemption thereafter, to the prejudice of antecedent creditors.
What is the object of registry ? Notice. To whom? To third persons dealing with the debtor. What would he the use of such notice, given only after the debts have been contracted ?
The object of the convention was transparent and, it seems to us, a very wise one. It saw that the effect of the homestead, provision, coupled, as it was, with the prohibition of the conventional waiver thereof, would be to cripple the credit and resources of the beneficiaries, which, under many circumstances, would he more injurious than beneficial to them. It, therefore, gave them the option of availing themselves or not of the privilege, as their interests might require. It said to them: if you desire to secure your homestead from the risks and chances of business, you may' do so by registering your exemptions as required by law. If, on the contrary, you desire to retain your whole property in a situation to serve as a basis of credit, for the purpose of conducting or extending your business operations, we leave you the option of doing so, by simply abstaining from registry. Itnever meant to say: you may abstain from registry until you have obtained credit, and you may then defeat your creditors by subsequent registry.
*1015 . The language of the Constitution leaves no doubt that the sole, direct “ beneficiary ” of the homestead provision, was the original “ debtor,” or “ head of a family.” The clause extending the benefit to the surviving spouse or minor children, is in these words : “ The benefit of this
provision may be claimed by the surviving spouse or minor children of a deceased beneficiary, if in .indigent circumstances.”
This shows that the deceased was the beneficiary, that the widow and minors only succeeded to his rights. If he, at his death, had the right to the exemptions, they might claim them ; otherwise, not.
Furniss, at his death, was entitled to no exemptions under the Constitution of 1879, and his widow and children could, therefore, acquire none, to the prejudice of his creditors.
We have no occasion to discuss the exemptions to which Furniss might have been entitled under the prior Homestead Act of 1865, as against that portion of opponents’ debts contracted before the Constitution of 1879, because it is conceded that those exemptions did not survive him.
The only claim of the widow is to the $1,000, under the Act of 1852, which was properly allowed her by the Judge a quo, who sustained the opposition on the point just considered by us.
II.
We think the Judge erred in rejecting the claim of opponents, asking an amendment of the account, by charging the administratrix with the sum of $100, the admitted value of a mule disposed of by her after her husband’s death. A mule had been purchased by Furniss from Lacy, for which he gave the latter his note for $110. Furniss then traded the mule to Bass, giving the latter- $30 additional, for- which Furniss also gave his note. After Furniss’ death, Lacy and Bass agreed with the widow to give up both the notes and take back the mule, with the intention of exchanging mules between themselves, and thus placing all parties in 'their original position. Although this was an equitable arrangement-, wé can discover no principle of law to sustain the widow’s action, and we are bound to decide according to law. The mule ■obtained from Bass unquestionably belonged to the succession. Lacy was a mere ordinary creditor for his note of $110, the mule bought from him having passed out of the ownership of his vendee, and his vendor’s privilege being thereby lost. The only privileged claim on the mule, held by the succession, was the $30 note of Bass. His right to a privilege depends upon whether the contract between him and Furniss could be considered as, in any sense, a sale. The question seems to be new to our jurisprudence, but we find it solved by the French authorities;
*1016 “ Si ime chose a été céáó íi ia fois contre une autre chose et une Bomme d’argent, il y a vente jusqu’á concurrence de cette soinme.” Holland, Echan ge, No. 19.
Pothier holds that when, in such a transaction, the sum of money exeeeds in value the thing given with it, the latter is but an accessory of tho price, which consists principally of a sum of money, and the contract is to be treated entirely and completely as a contract of sale. Pothier, des Retraits, No. 92.
The widow, having taken up this privileged note, is entitled to retain its amount out of the value of the mule, but she is unquestionably bound to restore the remaining $70, to be distributed among the succession creditors, including the Lacy note, being .herself entitled, as holder thereof, to her dividend thereon.
The appellees are entitled to an amendment of the judgment in this respect, as prayed for in their answer.
It is, therefore, ordered, adjudged and decreed, that tho judgment appealed from be amended, by charging the administratrix with $100, the value of the mule disposed of by her, less the amount of the note for $30 taken up by her from Bass, and privileged on the mule, and reserving her right to claim as an ordinary creditor, as holder of the note for $110, taken up by her from Lacy, and that, as thus amended, the judgment be affirmed, appellant to pay the costs of this apjieal.